IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jhave'll Moore<br><br>      Plaintiff,<br>  v.<br><br>The Village of Maywood,<br>Maywood Police Department,<br>Officer Smith, and Officer Dolan,<br><br>      Defendants. | No.22-cv-01409<br><br>Judge: Hon. Edmund E. Chang<br><br>Mag. Judge: Hon. Heather K. McShain<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**

Plaintiff Jhave'll Moore, by and through his undersigned counsel at First Defense Legal Aid, submits the following Motion for Miscellaneous Relief, namely, that this Court deem his Complaint properly filed on November 19, 2021 and instruct the Clerk of Court to correct the docket:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Jhave'll Moore filed the instant lawsuit while in Cook County Jail by tendering a *pro se* complaint and other appropriate forms to Correctional Officer Chavez on an date between November 15, 2021 and November 19, 2021, but no later than November 19, 2021. **Exhibit 1**, Declaration of Jhave'll Moore ("Moore Declaration") ¶ 2. Attorneys from First Defense Legal Aid, including the undersigned counsel, had assisted Mr. Moore in investigating and preparing his suit, but were unable to file on his behalf at that time due to their existing caseload.

1

Weeks passed, and Mr. Moore heard nothing from the Northern District. He did not know if his lawsuit had been received, nor what steps he needed to take to prosecute his action. The undersigned counsel, who had remained in contact with Mr. Moore, contacted the Clerk of Court for the Northern District of Illinois' office on December 20, 2021 to ascertain the reason for the delay, and was told that the Complaint could not be located and that the matter would need to be resolved at a later time.

In January 2021, Mr. Moore, who then was still in Cook County Jail, was informed via a letter from the Clerk of Court that his filing had been received in December, was stamped received in December, but was rejected. The reason selected from checkboxes on this correspondence rejecting and returning the filing was "other" and the accompanying notation read, approximately and in sum, "pages in wrong order." Moore Declaration ¶ 4. But when Plaintiff filed his Complaint *pro se*, no later than November 19, 2021, he used court-provided forms, which were filled out in accordance with their instructions, placed in order, and paginated appropriately. Moore Declaration ¶¶ 3, 5.

On January 27, 2022, upon being informed of the rejection, Mr. Moore's undersigned counsel again contacted the Clerk of Court, and was told by a first employee that they had "never heard of that" reason for rejection, and later, from a supervisor named Tiana, that the Clerk "shouldn't have rejected it." Tiana suggested resending the forms. These Clerk of Court employees similarly stated that they did not have a record of returning documents to pro se filers because no such records are kept in their system. They were, to paraphrase, stumped.

By this point, however, Mr. Moore faced a conundrum—the Clerk of Court's rejection of his lawsuit, and Correctional Officer Chavez's apparent delay in tendering it to the Clerk, had arguably placed him beyond the time period within which he needed to file suit. Nonetheless, he attempted to refile as instructed. A second attempt to file was rejected by the Clerk due to an address mismatch

given that Plaintiff had taken a plea and was transferred to another custodial facility, this time in the Illinois Department of Corrections. Moore Declaration ¶ 6. After a third attempt, the Clerk of Court finally accepted the Complaint, but ultimately stamped the lawsuit with a filing date of March 17, 2022. Dkt. 1. The case was assigned to this Court that same day.

First Defense Legal Aid attorneys, concerned about the ongoing debacle, had stayed in touch with Mr. Moore and eventually offered to represent him in the instant lawsuit. Mr. Moore now brings this Motion for Miscellaneous relief through counsel requesting that the Court, consistent with its inherent power and other applicable law, correct the docket and deem the lawsuit filed as of the date he tendered it to Cook County Jail Staff, no later than November 19, 2021.

## ARGUMENT

Consistent with relevant law and its inherent power, this Court should deem Plaintiff's complaint to have been filed between November 15 and November 19, 2021, and no later than November 19, 2021, the point at which Plaintiff relinquished control of his *pro se* legal filing to prison staff at Cook County Jail.

### I. THE PRISON MAILBOX RULE APPLIES TO THE INSTANT LAWSUIT AND GOVERNS THE DATE OF FILING

Because under relevant law Mr. Moore's Complaint was filed when he tendered it to prison staff, no later than November 19, 2021, a correction to the filing date is warranted.

"The prison mailbox rule ... provides that a prisoner's notice of appeal is deemed filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the court clerk." Hurlow v. United States, 726 F.3d 958, 962 (7th Cir.2013). "Although the prison mailbox rule was first applied to notices of appeal, the rule applies to all district-court filings save for 'exceptional situation[s].'" Taylor v. Brown, 787 F.3d 851, 858 (7th Cir. 2015) (quoting *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir.2001) (per curiam)) (internal citation omitted). Ultimately, "a pro se

3

Case: 1:22-cv-01409 Document #: 6 Filed: 07/11/22 Page 4 of 7 PageID #:22

prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies." *Id.*

There is no exceptional circumstance here that would justify a rejection of the prison mailbox rule—Mr. Moore did everything he should have and nonetheless has seen risks and errors accrue to his action through no fault of his own. Deeming the Complaint filed November 19, 2021, and instructing the Clerk to correct the docket, is also consistent with the reasoning for the prison mailbox rule in the first place: as the United States Supreme Court has observed, a "pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Houston v. Lack*, 487 U.S. 266, 271 (1988).

In short, this lawsuit was filed no later than November 19, 2019, the last possible date on which Plaintiff tendered it to Correctional Officer Chavez.

**II. THE CLERK OF COURT'S REJECTION FOR "PAGES IN WRONG ORDER" IS UNJUSTIFIABLE UNDER THE LAW AND NOT A REASON TO CREATE AN EXCEPTION TO THE PRISON MAILBOX RULE**

Because no rule vests a clerk's office with the power to summarily reject a filing because of an error in form, and because in this case there was no such error in the first place, the rejection of Plaintiff's Complaint in either December 2021 or January 2022 of is not a reason to avoid application of or create an exception to the prison mailbox rule.

Federal Rule of Civil Procedure 5(d)(4), formerly Rule 5(e), provides that "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Fed. R. Civ. P. 5(d)(4). This however, is precisely what occurred here. The Clerk's inexplicable choice to reject the filing is, ultimately, of no import, because such a rejection was not permissible by law. *Id.* Plaintiff's complaint should be deemed filed between the dates of November

15 and November 19 of 2021, and no later than November 19, 2021, when the Complaint was tendered to prison staff at Cook County Jail.

### III. THIS COURT HAS THE POWER TO GRANT PLAINTIFF'S REQUESTED RELIEF

Granting this Motion and correcting the date of filing for the instant suit, in accordance with governing law as explained in sections I and II, *infra*, is both within the Court's inherent powers and would be an appropriate use of same.

"A district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45–46 (2016) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962)). "The inherent powers of federal courts are those which 'are necessary to the exercise of all others.' *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) *(*quoting *United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812)).

This power, when exercised, should be a "reasonable response to the problems and needs" of securing the aim of justice in judicial administration. *Dietz v. Bouldin* 579 U.S. at 45–46 (quoting *Degen v. United States*, 517 U.S. 820, 823-824 (1996)). In the instant case, where a cascading series of bureaucratic and administrative failures jeopardize a meritorious lawsuit, it is reasonable, and indeed just, to grant the relief sought by this Motion. And, far from being a situation where the exercise of judicial power would be "contrary to any express grant of or limitation … contained in a rule or statute," *Dietz*, 579 U.S. at 45-46, in this case, the sought exercise of power would in fact operate to ensure that the matter before the court *conforms* to rule (and precedential law).

As a result, this Court has the power to correct the filing date of this lawsuit consistent with the Prison Mailbox Rule and Fed. R. Civ. P. 5(d)(4), and should grant Plaintiff's Motion for Miscellaneous Relief by deeming the complaint filed at the latest on November 19, 2021.

WHEREFORE, Plaintiff Jhave'll Moore respectfully requests that this Court enter an Order deeming this Complaint filed November 19, 2021, instructing the Clerk of Court to correct the docket to indicate this date, and providing for any other relief as it deems proper and just.

        Respectfully submitted,

        /s/ Daniel Massoglia

        *One of Plaintiff's Attorneys*

Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org

## **CERTIFICATE OF SERVICE**

I, Daniel Massoglia, hereby certify that I have caused this document to be served on all counsel of record on July 11, 2022 by filing it with the Clerk's CM/ECF system, which generates electronic notice to parties.

Respectfully submitted,

/s/ Daniel E. Massoglia
*One of Plaintiff's Attorneys*