**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JHAVE'LL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-1409 |
| | ) | |
| VILLAGE OF MAYWOOD, et al., | ) | Judge Edmond E. Chang |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**

Defendants Village of Maywood, Officer Smith, and Officer Dolan (collectively "Defendants"), by and through their attorneys, Klein, Thorpe and Jenkins, Ltd., and for their response in opposition to Plaintiff's motion for miscellaneous relief, state as follows:

## INTRODUCTION

Plaintiff's Complaint was received and docketed by the Clerk of Court on March 17, 2022[1]. Dkt. 1. Nearly four months later, Plaintiff filed a Motion for Miscellaneous Relief seeking to correct the filing date of his Complaint. Dkt. 6. Plaintiff boldly asks this Court to "deem his Complaint properly filed on November 19, 2021 and instruct the Clerk of Court to correct the docket." *Id*. at 1. The Court should deny this request because there is no evidence that the Clerk received this lawsuit at any time prior to March 17, 2022 or committed any filing or clerical error. Furthermore, Plaintiff's excuses for the untimeliness of his Complaint are not credible and he fails to show that he is entitled to the benefit of the prison mailbox rule.

---

[1] It should also be noted that Plaintiff wrote November 5, 2021 on the Complaint as the date he signed and certified it. *See* Dkt. 1, at 7; Dkt. 8, at 7. Even if this is accurate, it is of no value in determining when and if Plaintiff properly filed his lawsuit at any time prior to March 17, 2022 because he claims it was filed sometime between November 15 and 19, 2021. Dkt. 6, at 1.

## ARGUMENT

**I.    Plaintiff is not entitled to the benefits of the prison mailbox rule.**

The events described in the Complaint allegedly took place on November 25, 2019 – over two years before this lawsuit was initiated. Dkt. 1; Dkt. 8, at 5. Given the glaring statute of limitations issue, Plaintiff seeks to avail himself of the prison mailbox rule by claiming that he filed the Complaint by handing it to a correctional officer sometime between November 15 and 19, 2021. Dkt. 6, at 1. The prison mailbox rule provides that a prisoner's notice of appeal is deemed filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the court clerk. *Hurlow v. United States*, 726 F.3d 958, 962 (7th Cir. 2013). This rule has been found to apply to all district court filings except in "exceptional situations." *Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015). However, Plaintiff does not meet any of the requirements for invoking the benefits of the prison mailbox rule. Therefore, Plaintiff's motion should be denied because he failed to establish that he used the prison's mail system, and did not attest to the date of his purported mailing or that it contained pre-paid postage.

**A.  Plaintiff failed to establish that he followed the prison's mail system.**

To receive the benefit of the prison mailbox rule, an inmate must use the prison's legal mail system if it has one. *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004) (citing Fed. R. App. P. 4(c)(1)). If the prison lacks such a system, timely filing may be shown by a declaration or affidavit attesting to the date of deposit and that first-class postage has been prepaid. *Id*.

Here, Plaintiff filed a declaration stating that he filed his lawsuit "by giving it to Correctional Officer Chavez." Dkt. 6-1, ¶ 2. Plaintiff does not state anywhere in his motion or declaration that he used the jail's legal mail system, nor does he claim that the jail lacked such a system. Plaintiff's statement also does not permit either conclusion because he does not say when

or how the mail was tendered, or provide any information as to the jail's mail system. There is also nothing to indicate that Officer Chavez was responsible for handling inmate legal mail, or that handing documents to him constitutes placing an item in the mail system. In fact, Plaintiff does not even specify what exactly was given to Correctional Officer Chavez, how many pages it contained, whether it included an envelope, or which court it was addressed to. Thus, as a threshold matter, Plaintiff failed to establish that he is entitled to the benefit of the prison mailbox rule.

## B. Plaintiff failed to meet the requirements of Fed. R. App. P. 4(c)(1).

To the extent the Court is inclined to consider Plaintiff's declaration, the statements contained therein also fail to satisfy the requirements of Fed. R. App. P. 4(c)(1). A prisoner invoking the prison mailbox rule must submit: "(1) a declaration under penalty of perjury of the date of deposit with proper postage or (2) 'evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid.'" *Harris v. Schaller*, 830 F. App'x 787, 788 (7th Cir. 2020) (quoting Fed. R. App. P. 4(c)). Also, when the prison mailbox rule "serves to give a court jurisdiction over a matter that would otherwise be time-barred, the court has an independent duty to ensure that the prisoner actually sent his mail when he says he did." *Taylor*, 787 F.3d at 860. The burden of proving the date of the mailing rests on the plaintiff who is seeking to establish jurisdiction. *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

Here, Plaintiff's declaration states "I filed my lawsuit by giving it to Correctional Officer Chavez between November 15, 2021 and November 19, 2021." Dkt. 6-1, ¶ 2. Plaintiff then states that he "used forms from the court" (*Id.* ¶ 3) and received mail from the Clerk in December 2021 "rejecting [his] filing because 'pages in wrong order.'" *Id.* ¶ 4. Plaintiff further states that after his filing was rejected, he "attempted to refile but because [he] was transferred to Danville Correctional Center there was a[n] address mismatch." *Id.* ¶ 6. Plaintiff's statements show that he

3

did not comply with the prison mailbox rule. First, Plaintiff cannot even say when he sent his mail. Instead, he provided a range of five potential dates (November 15-19, 2021) that he allegedly gave his lawsuit to Officer Chavez. *Id*. ¶ 2. Plaintiff also did not provide any records from the jail showing that mail was received from him on any particular date. In addition, the Complaint that was received and docketed by the Clerk on March 17, 2022 does not contain any markings indicating it was ever received by jail staff on a prior date. *See* Dkt. 1.

Second, Plaintiff did not attest that proper postage was pre-paid or provide any details whatsoever about postage or whether he included an envelope. Plaintiff also did not provide any evidence showing that postage was prepaid. As the Seventh Circuit recognized in *Craig*, "the postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger." *See Craig,* 368 F.3d at 740 (explaining that "the mailbox rule countenances *some* delay, but not the additional delay that is inevitable if prisoners try to save 37¢ plus the cost of an envelope." (emphasis in original)). To get the benefit of the prison mailbox rule, Plaintiff had to fully comply with it. *See id.* (finding the plaintiff's filing untimely where he failed to state that he prepaid first-class postage and explaining that "Rule 4(c)(1) requires the declaration to state only two things; 50% is not enough."). "Respect for the text of Rule 4(c) means that represented prisoners can use the opportunity it creates; respect for the text equally means that prisoners must use that opportunity in the way the rule specifies." *Id*. at 740-41.

Because Plaintiff failed to attest to or provide any evidence of the mailing date or postage, he fails to meet both of the requirements under Rule 4(c)(1) and is not entitled to the benefits of the mailbox rule. *See Hurlow*, 726 F.3d at 964 (reiterating that a prisoner who submits a declaration under Rule 4(c)(1) must attest to the date the notice was deposited into the prison mail system and that first-class postage was prepaid).

**II.     Plaintiff's attempt to blame the Clerk's office is unavailing.**

In his motion, Plaintiff blames his untimely filing on what he characterizes as a "cascading series of bureaucratic and administrative failures." Dkt. 6, at 5. Yet, he does not show that the untimely filing was the fault of any person or agency other than his own. As set forth above, Plaintiff does not actually show any failures in the prison mailing system, as he merely claims that he gave his lawsuit to Correctional Officer Chavez. Dkt. 6-1, ¶ 2. Plaintiff also claims that the Clerk's Office is to blame because it improperly rejected his filing because the pages were out of order. Dkt. 6, at 4-5. With regard to the Clerk's Office's involvement, Plaintiff's story is not credible and lacks any corroborating evidence.

First, Plaintiff's declaration claims that he received mail from the Clerk in December 2021 rejecting his filing because the pages were in the wrong order. Dkt. 6-1, ¶ 4. Plaintiff's motion tells a slightly different story, stating that he received a letter from the Clerk in January 2021[2] [sic] while in Cook County Jail informing him that his filing was received in December, but rejected because the pages were in the wrong order. Dkt. 6, at 2. There is no way to verify either statement because Plaintiff did not provide copies of the original forms he allegedly filed, or any documents or correspondence from the Clerk's office that were allegedly mailed back to him. Plaintiff also provides no explanation for why these records are omitted, or why his motion and declaration are not consistent. Instead, his motion tries to reconcile this by stating that the Clerk's office rejected his filing "in either December 2021 or January 2022." *Id.* at 4.

It should also be noted that Plaintiff had the benefit of attorney assistance at the time his lawsuit was purportedly filed, and in the following weeks. *Id.* at 1-2. In fact, Plaintiff's motion

---

[2] Even if we assume this was a typo and Plaintiff's motion intended to say "January 2022" it does not change the analysis because this still does not match the version of events in Plaintiff's declaration and there is no proof of any correspondence from the Clerk's Office in January 2022 either.

states that his counsel contacted the Clerk's office on January 27, 2022, and were told by employees that they have never heard of "pages in wrong order" as a reason for rejecting a filing and it should not have been rejected. *Id.* at 2. Thus, the information that the Clerk's office provided to Plaintiff's counsel contradicts Plaintiff's claim that his filing was rejected by the court because the pages were in the wrong order. There is also no proof that the Clerk's office ever received any filings from Plaintiff prior to March 17, 2022, or that such filings were in fact rejected for the reasons Plaintiff now claims. In fact, the logical conclusion based on the facts presented in Plaintiff's motion is that the Clerk's office never received or rejected any documents from Plaintiff prior to March 17, 2022. As such, the Court should decline to credit Plaintiff's wholly unsupported claim that the Clerk improperly rejected his filing in December 2021.

Plaintiff also contends that "a second attempt to file was rejected by the Clerk due to an address mismatch." *Id.* at 2-3. He provides no details whatsoever as to this purported filing attempt or the Clerk's response. In addition, Plaintiff does not specify what he attempted to file, when he made this attempt, or how this attempt was made. He also does not state when the Clerk received it, provide any details as to the Clerk's purported response rejecting the filing (*e.g.* the date and manner of any communications from the Clerk's office), or provide a copy of any correspondence or documents that were purportedly returned to him. Plaintiff also has not provided any jail records showing that any legal mail was tendered or received. Therefore, this alleged "second attempt" and rejection also does not establish that the Clerk's office is responsible for the untimeliness of Plaintiff's lawsuit.

## III. The requested relief is contrary to established law and not justified under the facts presented by Plaintiff.

Plaintiff is asking the Court to deem the Complaint filed on or before November 19, 2021. Dkt. 6. In other words, Plaintiff wants the Court to declare that his Complaint was filed within the

applicable statute of limitations period and is not time-barred. However, Plaintiff failed to show that it would be a permissible use of the Court's inherent powers to disregard the requirements of the prison mailbox rule and Fed. R. App. P. 4(c), and change the Complaint's filing date to an unspecified date sometime before November 19, 2022. The exercise of an inherent power must be a "reasonable response to the problems and needs" confronting the court's fair administration of justice. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Degen v. United States*, 517 U.S. 820, 823-24 (1996)). Here, the requested relief represents an extraordinary response to a problem that was caused by Plaintiff's own failure to promptly pursue his purported claims, would undermine the purpose of the statute of limitations, and result in substantial prejudice to Defendants by usurping a crucial affirmative defense. Because Plaintiff failed to provide a legitimate legal or factual basis to justify an order granting the requested relief, his motion must be denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's motion, and grant Defendants any further relief that the Court deems necessary and just.

Respectfully submitted,

/s/ *Colleen M. Shannon*
One of Defendants' Attorneys

Howard C. Jablecki (hcjablecki@ktjlaw.com)
Colleen M. Shannon (cmshannon@ktjlaw.com)
KLEIN, THORPE & JENKINS, LTD.
20 North Wacker Dr., Ste. 1660
Chicago, Illinois 60606
(312) 984-6400