IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jhave'll Moore<br><br>    Plaintiff,<br><br> v.<br><br>The Village of Maywood,<br>Maywood Police Department,<br>Officer Smith, and Officer Dolan<br><br>    Defendants. | No.22-cv-01409<br><br>Judge: Hon. Edmund E. Chang<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**

 Plaintiff Jhave'll Moore, by and through his undersigned counsel, with his Reply to Defendants' Response to Plaintiff's Motion for Miscellaneous relief, states as follows:

## INTRODUCTION

 As outlined in the Motion [Dkt. 6], Plaintiff Jhave'll Moore filed the instant lawsuit no later than November 19, 2021, and he was then subjected to a series of intervening events outside of his control that delayed the acceptance of the filing in the Northern District of Illinois.

 Defendants' Response does not contest that this Court has the power to grant the requested relief, and neither does it question the validity of the prison mailbox rule and Fed. R. Civ. P. 5(d)(4). Instead, it attempts to attack the factual basis for the Motion and the Declaration supporting it as they apply to these commonly accepted legal rules. In doing so, however, the Response does not offer any evidentiary basis to discredit Plaintiff's story—only the argument of counsel.

To address Defendants' unsupported contentions regarding the adequacy of Plaintiff's allegations, and to remove any shadow of doubt that he filed his Complaint no later than November 19, 2021 and is entitled to the benefit of the prison mailbox rule, Plaintiff now submits with his Reply additional documentary evidence that things happened exactly as he stated: copies of the original filing mailed November 19, 2022 (Exhibit 1), his certified jail accounting (Exhibit 2), the Clerk of the Northern District's inexplicable and unfounded response letter rejecting his filing (Exhibit 3), and a Second Declaration offering greater context as to the events, the nature of the mailing, and these documentary materials (Exhibit 4)[1].

These materials, the Motion, and this Reply demonstrate that Plaintiff began his Complaint on November 5, 2021, mailed it on November 19, 2021 in accordance with Cook County Jail's mail system, and that the Clerk then rejected his filing because the pages were supposedly in the wrong order. Though Defendants' Response characterized these facts as "excuses" and "not credible," the details of his version of events are completely and unequivocally backed up by the documentary evidence before the Court. Plaintiff filed his Complaint on November 19, 2021 by tendering it to Correctional Officer Chavez. The Clerk illegally rejected it. Plaintiff complied with the prison mailbox rule in form and substance, and the Clerk's rejection was contrary Rule 5(d)(4) of the Federal Rules of Civil Procedure. Given these events, Plaintiff respectfully asks the Court to grant the requested relief.

---

[1] Plaintiff and the undersigned counsel conferred via legal call to Danville Correctional Center on November 9, 2022. With counsel's assistance, Plaintiff wrote out his Second Declaration based his personal knowledge and recollection. Plaintiff mailed the signed copy of the Second Declaration on November 9, 2022 and it has not yet been received due to USPS delays referenced in Plaintiff's Motion for Extension of Time to Reply. Dkt. 24. Exhibit 4, a copy of the relevant declaration, though unsigned, is filed as a placeholder until the signed version is received. Counsel for Plaintiff will promptly e-file the original, signed document when it is received.

**ARGUMENT**

I. **THE EVIDENCE ESTABLISHES PLAINTIFF'S DATE OF MAILING AS NOVEMBER 19, 2021**

In every respect, the exhibits corroborate Plaintiff's First Declaration and demonstrate the validity and accuracy of his representations to this Court. Plaintiff's First Declaration stated, "I used forms from the court and placed them in order attaching additional pages where instructed." Dkt. 6-1, ¶ 3. Indeed, Exhibit 1 shows the Northern District of Illinois court forms Plaintiff was referring to, including, a Profile Information Form, his *pro se* Complaint, his Motion for Attorney Representation, and his Application to Proceed Without Prepaying Fees Or Costs/Financial Affidavit. Ex. 1. The Application to Proceed Without Prepaying Fees Or Costs form includes this note at the bottom:

> Notice to Prisoners: In addition to the Certificate below, **you must attach a print-out from the institution(s) where you have been in custody** during the last twelve months showing all receipts, expenditures and balances in your prison or jail trust fund accounts during that period. Because the law requires information as to such accounts covering a full twelve months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account – prepared by each institution where you have been in custody during that twelve-month period. You must also have the Certificate below completed by an authorized officer at each institution.

*Id.* (emphasis added).

As he described in his First Declaration, Plaintiff "attached additional pages where instructed" and, indeed, his certified jail accounting immediately follows the Application to Proceed Without Prepaying Fees or Costs. Dkt. 6-1; Ex. 2. The accounting was certified by an Officer K. Sankey on November 19, 2021. *Id.* The accounting itself, titled "Resident Transaction Details," includes a footer on each page stating it was "Printed: 11/19/2021." *Id.*

The First Declaration stated, "I filed my lawsuit by giving it to Correctional Officer Chavez between November 15, 2021 and November 19, 2021." Dkt 6-1. In reviewing his documents and

preparing this Reply, Plaintiff's recollection was refreshed and he has therefore testified in his Second Declaration, "I received a printed copy of my jail accounting on November 19 and I remember mailing the complaint that day." Ex. 4. This is consistent with his First Declaration, which indicated November 19, 2021 as a possible date of filing.

Common sense also supports this date as the operative one. Plaintiff spent several weeks preparing his lawsuit; for example, the Complaint itself was signed and certified on November 5, 2021. Ex. 1. Since the certified accounting needed to be up to date at the time of filing per the instructions on the Application form, it logically follows that Plaintiff would have mailed the Complaint at once after completing this final step on November 19 as he has testified.[2]

In sum, the materials in the record show that there is no basis on which to doubt Plaintiff's recounting of the timeline regarding the filing of this lawsuit, or at the very least Defendants have not offered one. The Motion should be granted.

## II. PLAINTIFF ATTACHED POSTAGE TO HIS COMPLAINT AND FOLLOWED THE MAIL SYSTEM AT COOK COUNTY JAIL, SATISFYING THE PRISON MAILBOX RULE

To properly invoke the prison mailbox rule, Plaintiff needed to follow the mail system at Cook County Jail when transmitting his legal filing, and he did so. *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004). A plaintiff also must submit "a declaration in compliance with 27 U.S.C. § 1746 – or a notarized statement – setting out the date of deposit and stating that first-class postage is being prepaid; or [submit] evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." Fed. R. App. P. 4(c)(1)(A)(i)-(ii); *see also*

---

[2] Defendants take issue with a contention in the Motion regarding the date the Clerk received the documents and the date Plaintiff received his rejection. Any ambiguity was an inadvertent error; the Clerk indeed mailed its first rejection in December 2021, but Plaintiff did not receive this correspondence at Cook County Jail until January 2022. Dkt. 6; Ex. 3, 4.

*Edwards v. United States*, 266 F.3d 756 (7th Cir. 2001) (applying prison mailbox rule to district court proceedings). To give the Court a more complete picture of what occurred, Plaintiff now submits both types of evidence contemplated by the rule. Ex. 3, 4. Plaintiff's Second Declaration describes the prison mail system and the actions he took:

> 1. In Cook County Jail, a person sends mail by giving a copy of the correspondence with postage to the correctional officer assigned to their tier.
>
> 2. I mailed other letters in this manner previously.
>
> 3. When I mailed my initial complaint and other documents in this lawsuit, I followed this system. To the best of my personal knowledge, the act of mailing my complaint was complete by handing my envelope to Officer Chavez, who was assigned to my tier, with pre-paid postage attached. I was never informed of a need to take additional steps or mail the documents in a different manner.

Ex. 4.

Along with his testimony, Plaintiff has attached a scanned copy of the envelope he mailed by giving it to Correctional Officer Chavez on November 19, 2021, which visibly bears postage, postage whose adequacy is evident because the Clerk of the Northern District of Illinois eventually received the mailing. Ex. 1. (Though the envelope also includes a barcode label with a date and tracking number, "12/03/2021-4," this date likely reflects the day the Clerk received the mailing. Plaintiff did not apply this date—nor could he, given that he was in Cook County Jail and did not have access to a barcode machine.) Ex. 3.

### III. THE CLERK OF THE NORTHERN DISTRICT OF ILLINOIS IMPERMISSIBLY REJECTED PLAINTIFF'S COMPLAINT

The Federal Rules of Civil Procedure set forth a clear directive to a clerk of court: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Fed. R. Civ. P. 5(d)(4). That is precisely what happened in the present case, however, and the Motion should be granted to the extent that the delay in acceptance

5

of the lawsuit was the result of the Clerk's actions. The contents of Plaintiff's original, November 19, 2021 filing, described in greater detail in section II, *supra*, were returned to Plaintiff with a letter from the Clerk of the Northern District dated "12/03/2021," a date rendered in the same large, sans serif font as the barcode label on the envelope. Ex. 2 and 3.

Plaintiff referred to this letter in his First Declaration, stating, "In December 2021, I received mail from the Clerk of Court rejecting my filing because 'pages in wrong order.'" Dkt. 6-1.[3] The Clerk's letter as attached to this Reply is a form document which includes a number of pre-typed responses to potential correspondence or filings from people in prison. Ex. 3. The Clerk's office checked only the last box for "Other," and on the explanatory lines provided, typed the following message in sans serif font: "Hello, Please organize and separate your documents in the proper ord[sic] Thank you." Ex. 3.

In short—the additional documentary evidence confirms almost verbatim the contents of Plaintiff's First Declaration, and depicts a clear departure from commonly accepted practices and law on the part of the Clerk. Fed. R. Civ. P. 5(d)(4); *Farley v. Koepp*, 788 F.3d 681, 685 (7th Cir. 2015) (stating that Fed. R. Civ. P. 3, 5(d)(2), 5(d)(4) and 83(a)(2) taken together "instruct us that to determine when a 'filing' has been made, 'deliver[y] ... to the clerk' is of paramount importance, and requirements of form—whether in the federal or local rules—are insufficient to disqualify a filing"); *Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001) (holding that practice of returning complaints that do not comply with local rules "cannot defeat a right, which in this case is a right to arrest the running of the statute of limitations by filing a complaint in the district court, that is conferred by the national rules.") Indeed, as the Motion notes, an employee of the Clerk told

---

[3] Plaintiff regrets the inadvertent error as to the order of things, which he has clarified in his Second Declaration—the postage from the Clerk was stamped in December 2021, but received by Mr. Moore in January 2022. Exhibit 4.

Plaintiff's counsel that the filing should not have been rejected for the reason cited in the letter, i.e., the organization and order of his documents.

Defendants write in their Response that Plaintiff's "attempt to blame the Clerk's office is unavailing" and "lacks any corroborating evidence." The production of the letter and its consistency with Plaintiff's First Declaration should resolve the issue to the degree there was room for doubt. Moreover, the date of the letter, December 3, 2021, is consistent with the time it would have taken for Plaintiff's mail to leave the jail on November 19 and be processed by the Clerk.

Plaintiff's Motion, and his Reply, demonstrate that his filing was impermissibly rejected, contrary to the law, and the Motion should be granted.

### IV. THE COURT HAS THE POWER TO GRANT THE REQUESTED RELIEF WHERE PLAINTIFF HAS FULLY SATISFIED THE PRISON MAILBOX RULE AND THE CLERK DID NOT FOLLOW RULE 5(D), AND IT SHOULD DO SO

Courts' inherent powers are fundamentally designed, in their exercise, to secure fairness in judicial proceedings, and their use here would serve this end.

"[T]he Supreme Court noted that a district court's ability to take action in a procedural context may be grounded in 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 651 (7th Cir. 1989) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 629-32 (1962)). "[T]he exercise of an inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice...[and] cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Dietz v. Bouldin,* 579 U.S. 40, 45 (2016) (quoting *Degen v. United States,* 517 U.S. 820, 823–824 (1996)).

In the present case, correcting the date of filing is a reasonable response to the problems and needs confronting the case, in service to the end of "the fair administration of justice." *G. Heileman Brewing Co.*, 871 F.2d at 651. A constitutional lawsuit alleging serious police abuse, filed by a prisoner, arguably risks dismissal due to delays and errors by third party actors associated with the prison system and court system. Additionally, far from being contrary to an express statutory limitation, the exercise of the Court's inherent power here would be directly in line with the rule-based and statutory purposes of both the prison mailbox rule and Rule 5(d)(4).

Jhave'll Moore followed the rules, and now he risks being penalized. The appropriateness of the exercise of inherent powers to correct the date of filing fundamentally serves to right a series of wrongs.

### A. The Prison Mailbox Rule is Satisfied, and Honoring it is an Appropriate use of the Court's Inherent Powers.

The prison mailbox rule exists to address a critical conundrum germane to much civil rights litigation: a prisoner, while in prison, is not fully in control of their own destiny. A prisoner cannot control the outgoing mail, nor walk to the courthouse or access a computer to file a document themselves. While exercising their First Amendment right to access the courts, prisoners are forced to trust and rely that when they follow a facility's mail system and tender legal papers bearing adequate postage, these papers will be treated as filed on the date they are handed to staff. Many, many courts have recognized these principles, and a ruling in Plaintiff's favor on this Motion would be vindication of this scenario.

Plaintiff has satisfied the prison mailbox rule, and this court should use its power to ensure that this rule is honored.

### B. Rule 5(d) was Violated, and Acknowledging this is an Appropriate Use of the Court's Inherent Powers.

Similarly, Fed. R. Civ. P. 5(d) addresses a similar conundrum: a person should have a sense of finality that when their lawsuit is filed, it is actually filed, not at risk of being kept from judicial attention based upon the ad hoc judgment of an employee of the Clerk's office. Relevant pleading regimes clarify this: they are intended to focus litigation on the merits, not technicalities. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (Noting that the notice pleading regime is "liberal," and intended to "focus litigation on the merits" rather than technicalities.) Even if Jhave'll Moore's pages had *not* been in "proper ord[er]"—though they were—rejecting the filing would *still* have been contrary to law. Correcting this error by granting the Motion would further the end of the fair administration of justice.

### C. If Necessary, an Evidentiary Hearing should be Held in Lieu of Denial to Satisfy any Outstanding Factual Issues.

Seventh Circuit precedent supports the idea that "additional documentary or testimonial evidence" may be relevant to considerations of the applicability of the prison mailbox rule to a given circumstance. *Taylor v. Brown*, 787 F.3d 851, 860 (7th Cir. 2015) (citing *Ray v. Clements*, 700 F.3d 993, 1002-03 (7th Cir. 2012)). Although Plaintiff has already provided adequate documentary evidence of filing in his Reply and with his Motion, to the degree that the Court contemplates denial on factual grounds, Plaintiff requests that the Court hold an evidentiary hearing in lieu of immediately entering such an Order. *See, e.g.*, Fed. R. App. P. 4(c); *Ray,* 700 F.3d at 1011–12; *Taylor*, 787 F.3d at 860 (7th Cir. 2015). Plaintiff contends that evidence submitted and described is more than sufficient for the Court to rule in his favor. If, however, the Court is initially disinclined to grant Plaintiff's Motion, he requests an evidentiary hearing, as

suggested in *Taylor*, wherein he might testify directly and be cross-examined on this issue. 787 F.3d at 860.

Respectfully submitted,

/s/ Joseph DiCola

*One of Plaintiff's Attorneys*

Joseph DiCola (#6329608)
Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-967-3334
E: joseph@first-defense.org
E: daniel@first-defense.org

**CERTIFICATE OF SERVICE**

      I, Daniel Massoglia, certify that I caused a copy of this document to be served on all counsel of record on November 16, 2022 by filing it using the CM/ECF system, which generates electronic notice to parties.

      Respectfully submitted,

      *Daniel Massoglia*

      One of Plaintiff's Attorneys