**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JHAVE'LL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:22-CV-01409 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| VILLAGE OF MAYWOOD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Jhave'll Moore has sued the Village of Maywood, Illinois, and two of its police officers for violations of his Fourth Amendment rights.[1] R. 1, Compl.[2] Moore alleges that, on November 25, 2019 (the specific date is important), the officers used excessive force and falsely arrested him. *Id.* at 4–5. But the specifics of the arrest are not currently at issue. What the parties dispute right now is whether Moore filed his lawsuit on time, that is, before the two-year statute of limitations expired. Specifically, Moore moves to correct the filing date of his complaint from March 17, 2022, to November 19, 2021. R. 6, Mot. Correct. The Defendants argue that no correction is warranted. R. 21, Defs.' Resp. For the reasons explained in this Order, Moore's motion is granted.

---

[1]The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

Moore prepared his complaint, which he signed on November 5, 2021, while detained in the Cook County Jail. Compl. at 7.[3] Before mailing it, he waited for a copy of his jail trust-fund account statement—that is, a ledger of his financial transactions at the Jail—which he received on November 19. R. 28-1, Second Moore Decl. ¶ 5. That same day, Moore handed his complaint, along with an envelope and prepaid postage, to Jail officer Chavez, who was the correctional officer assigned to Moore's tier. Second Moore Decl. ¶¶ 3–5. Moore gave the complaint and accompanying materials to Chavez so that Chavez would mail them on Moore's behalf. *Id.* Moore had used this mailing procedure before. *Id.* ¶ 2. Moore attests that mail in Cook County Jail is sent by handing the mail to correctional officers assigned to the Jail's different tiers. *Id.* ¶ 1.

In any event, around two weeks later, the Clerk's Office of this District Court drafted a letter to Moore. R. 25-3, Dec. 3 Letter. That December 3, 2021 letter—which Moore did not receive until early 2022—informed Moore that his filing had been rejected because his complaint and accompanying materials were not organized in the proper order. *Id.*; Second Moore Decl. ¶ 6. Moore tried to file twice more.[4] Mot. Correct

---

[3]The pinpoint citation of Moore's complaint is based on the page numbers located in the header, not the footer, of the document.

[4]Moore explains that a second attempt to file was rejected by the Clerk's Office because the address on his complaint—Cook County Jail—did not match his new address at another facility to which he had been transferred. Mot. Correct at 2–3. For the reasons explained later in this Order, the Clerk's Office should not have rejected this second attempt given that the only mistake seems to have been one of form, that is, an address mismatch. But in any case, Moore's second attempt is not material to the outcome of his motion.

at 2–3. The Clerk's Office finally accepted Moore's complaint on his third try, and marked it filed as of March 17, 2022. *Id.* at 3.

Given those facts, Moore argues that the prison-mailbox rule requires that his complaint be deemed as filed on November 19, 2021 (when he handed the mailing to Officer Chavez) and, relatedly, that the rejection of his complaint by the Clerk's Office was legally improper. Mot. Correct at 3–5. In response, the Defendants contend that Moore has failed to show that (1) the prison-mailbox rule applies and (2) that he properly mailed his complaint on November 19, 2021. Defs.' Resp. at 2–6.

That said, the Defendants made those two arguments in their response before Moore replied with more information. Alongside his reply, Moore attached the letter sent to him by the Clerk's Office rejecting his first filing, as well as a more detailed affidavit explaining how he mailed his first complaint on November 19. It is true that Moore should have included both of those documents with his original motion, but the premium placed on accuracy in this context is good cause to consider the rejection letter and Moore's more detailed affidavit provide. Given the circumstances, the Court concludes that the proper filing date is November 19, 2021.

The prison-mailbox rule provides that a prisoner's filing "is deemed filed at the moment the prison places it in the prison mail system, rather than when it reaches the court." *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) (cleaned up).[5] "The rule

---

[5]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

applies to all district-court filings save for exceptional situations." *Id.* at 858–59 (cleaned up). The reason for the rule is that a prisoner or detainee acting *pro se*—as Moore was when he drafted his complaint—"has no choice but to entrust the forwarding of his [filing] to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Id.* at 858 (cleaned up). The mailbox rule has limits, however. For instance, "if an institution has a system designed for legal mail, an inmate confined there must use that system," Fed. R. App. P. 4(c)(1), one which would presumably "provide[] verification of the date on which the [filing] was dispatched." *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004) (cleaned up).

If there is no system with automatic verification, then the litigant invoking the mailbox rule can show timely filing in several ways. "A return receipt from certified mail is certainly one reliable and simple way for a prisoner to show that his documents were delivered on time to prison authorities, but it is not the only way." *Cobb v. Aramark Corr. Servs.*, LLC, 937 F.3d 1037, 1041 (7th Cir. 2019). In other words, "verifiable documentation" serves to support a claim of timely filing. *Id.* Alternatively, the litigant can submit an affidavit or declaration "attesting to delivery of [the filing] to prison staff in compliance with Federal Rule of Appellate Procedure 4(c)(1)," *May v. Mahone*, 876 F.3d 896, 899 (7th Cir. 2017), which requires that the affiant provide the date of deposit of his mail and state that postage was prepaid. Fed. R. App. P. 4(c)(1)(A)(i).

In this case, Moore has provided sufficient verifiable documentation and accompanying sworn statements to satisfy his burden to show that his complaint was

4

timely delivered into the Jail mail system on November 19, 2021. *See Cobb*, 937 F.3d at 1041 (burden is on litigant invoking the rule). First, Moore has provided a copy of the rejection letter sent to him by the Clerk's Office, explaining that his first filing was rejected because his papers were in the wrong order. Dec. 3 Letter. The filing should not have been rejected, because "the clerk must not refuse to file a paper solely because it is not in the form prescribed by [the Rules of Civil Procedure] or by local rule or practice." Fed. R. Civ. P. 5(d)(4). At most, Moore's first attempted filing contained "an error of form."[6] *See, e.g.*, *Brooks v. SAC Wireless, LLC*, 835 F. App'x 137, 139 (7th Cir. 2021) ("This is because an error of form does not foreclose appellate jurisdiction."). The rejection letter is solid documentary proof that Moore mailed out his complaint before December 3, 2021.

The letter from the Clerk's Office also corroborates what Moore declares under oath, namely that on November 19, 2021, he handed his complaint with an envelope and prepaid postage to Officer Chavez, the officer assigned to Moore's tier in the Jail. Second Moore Decl. ¶¶ 3–5. That information about the date of deposit and the postage paid satisfies the requirements under the mailbox rule. Fed. R. App. P. 4(c)(1)(A)(i). Also, as a matter of circumstantial evidence, two weeks seems like a reasonable amount of time—especially around the Thanksgiving holiday—for the complaint to have been in transit from when he delivered it to Chavez (on November 19) to when the Clerk's Office received it, processed it, wrote a letter, and mailed the

---

[6]Again, the Court does not mean to chastise the Clerk's Office; it recognizes its great work in the context of the large volume of filings it daily manages.

rejection letter to Moore. And the Defendants do not provide any reason to doubt that the mailing system at the Cook County Jail was just how Moore describes it, with the detainees handing their mail to correctional officers. Second Moore Decl. ¶ 1.

For these reasons, Moore's motion is granted. The Court finds that, under the prison-mailbox rule, the legally proper date of the filing of Moore's complaint was November 19, 2021. Because Moore's sworn statements are corroborated by the rejection letter from the Clerk's Office (and the letter's timing), no "evidentiary hearing is necessary to determine the truthfulness of the inmate's declaration." *May*, 876 F.3d at 899. The Court deems the operative filing date of the complaint to be November 19, 2021. The Defendants shall answer or respond to the complaint by October 20, 2023. The parties shall file a joint initial status report with a proposed discovery schedule on October 27, 2023. The status hearing of October 6, 2023, is reset to November 10, 2023, at 8:30 a.m.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 30, 2023