IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jhave'll Moore <br><br> Plaintiff, <br> v. <br><br> The Village of Maywood, <br> Officer Smith, and Officer Dolan, <br><br> Defendants. | No.22-cv-01409 <br><br> Judge: Hon. Edmond E. Chang <br><br> Mag. Judge: Hon. Heather K. McShain <br><br><br> JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff Jhave'll Moore, by and through his undersigned counsel at First Defense Legal Aid, brings this complaint against Defendants Village of Maywood and Village of Maywood Police Officers Smith and Dolan, and in support thereof states as follows:

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States during and after a November 25, 2019 arrest.

2. On that day, Defendants Smith and Dolan violated Plaintiff's constitutional rights.

3. Plaintiff, in the time period since his lawsuit was filed and the present, elected to plead guilty to some of the crimes he was arrested for that day. Namely, plaintiff pled guilty and was sentenced to time in the Illinois Department of Corrections for the offenses of Unlawful Use of a Weapon by a Felon, 720 ILCS 5/24-1.1(a), and Resisting a Peace Officer Causing Injury, 720 ILCS 5/31-1(a-7).

4. Plaintiff's plea, however, does not change the fundamental fact that Defendant Officers used excessive force against Plaintiff, both on the street after the arrest and in the police station.

5. Defendant officers used excessive force in retaliation for a lawsuit Plaintiff previously filed against Defendant Village of Maywood, which was a protected exercise of his fundamental rights under the First Amendment.

6. Plaintiff brings suit now to seek justice and recompense for his injuries.

## JURISDICTION AND VENUE

7. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States. Further, this Court has supplemental jurisdiction under 28 U.S.C. §1367(a) over claims arising under Illinois state law.

8. Venue is appropriate under §28 U.S.C. §1391(b), as all defendants reside in this judicial district. In addition, a substantial part of the events giving rise to this claim occurred in this judicial district.

## PARTIES

9. Plaintiff Jhave'll Giovon Moore is a United States Citizen who at all times mentioned herein resided in the Northern District of Illinois.

10. Defendant Village of Maywood is, and at all times mentioned herein was, a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Maywood Police Department, which acts as the Village's agent in the areas of municipal law enforcement and for which the Village is ultimately responsible. Defendant Village was at all times material to this Complaint the employer and principal of the Officer Defendants.

11. Defendant Officer Smith was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the Village of Maywood, which was and is his principal and employer.

12. Defendant Officer Dolan was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the Village of Maywood, which was and is his principal and employer.

13. At all times relevant herein, Defendant Officers were acting in the scope of their employment and under color of state law.

14. Defendant Officers are sued in their individual capacities.

## FACTS

### The Arrest, Plea, and First Excessive Use of Force

15. On November 25, 2019, Maywood Police Officers Smith and Dolan arrested Plaintiff.

16. They charged Plaintiff with driving a vehicle without a license, resisting a peace officer causing injury, being a felon in possession of a weapon, and as an "armed habitual criminal."

17. Plaintiff pled guilty to two of these offenses—felon in possession and resisting—and the other two were disposed of by a motion by the state to *nolle prossequi* the charges.

18. As part of Plaintiff's plea agreement, he, through counsel, stipulated that the evidence the state would show had the matter proceeded to trial would be, in part: 1) that after exiting a vehicle during a traffic stop, Plaintiff resisted arrest during the course of his detention by Defendants, causing a contusion to Defendant Smith's wrist; 2) that after the arrest, the vehicle he had occupied was later towed to the Maywood Police Department, where officers found a firearm

3

in the passenger glove department and; 3) that Plaintiff did not possess a Firearm Owners Identification Card.

19. Despite the plea, Defendants' conduct during the detention, both on the street and at the police station, was unlawful.

20. To wit: after Plaintiff had stopped resisting arrest on November 25, 2019, and was subdued and compliant on the ground, Defendant Dolan punched him in the face three times.

21. Plaintiff was detained at the time of Defendant Dolan's punches.

22. Plaintiff was not actively resisting arrest at the time of Defendant Dolan's punches.

23. Plaintiff was not suspected of a serious crime at the time of Defendant Dolan's punches.

24. Plaintiff was not attempting to flee at the time of Defendant Dolan's punches.

25. Plaintiff was not a threat to the safety of the officers or others at the time of Defendant Dolan's punches given that he was detained and on the ground, no longer actively resisting arrest, nor attempting to flee.

26. Defendant Dolan's punches were objectively unreasonable given that Plaintiff was subdued on the ground and had no weapons on his person.

27. Defendant Dolan's punches ruptured a blood vessel in Plaintiff's eye, which required medical treatment.

28. Plaintiff's injured left eye remains blurry and "jumpy" on occasion to this day.

29. While Defendant Dolan punched Plaintiff three times, Defendant Smith did nothing to stop the use of force.

<u>On the Way to the Police Station, Officers Explain that they were Retaliating</u>

30. In 2018, Plaintiff filed a separate lawsuit alleging constitutional violations against several Village of Maywood police officers in Cook County Circuit Court.

31. The case was removed to federal court, where a monetary settlement was reached in 2019.

32. Defendant Officers were aware of this prior lawsuit. While in the police car following his November 2019 arrest, Plaintiff complained to the officers about their violent treatment of him.

33. Defendant Dolan dismissed the complaints, stating in response "all you're gonna do is sue us again," a reference to the 2018 lawsuit, referring to Plaintiff with a racial slur in the process.

34. Defendant Dolan's comments illustrate that he unnecessarily and unreasonably punched Plaintiff in the face three times while he was subdued on the ground in retaliation for Plaintiffs earlier lawsuit against his fellow officers.

35. Defendant Dolan's punches, and Defendant Smith's failure to intervene, were caused by prior constitutionally protected speech in the form of filing a lawsuit against their colleagues for misconduct.

36. Because of Defendants actions, Plaintiff would be less likely to exercise his constitutional free expressive rights in the future.

37. Defendants' actions could also deter other people subjected to police misconduct from exercising their own constitutional rights by filing lawsuits.

The Violence Continues at the Police Station

38. Once at the police station, the officers continued their violent and retaliatory course of conduct.

39. At the station, Defendant Officer Smith ordered Plaintiff to remove his earrings.

40. Plaintiff complied and began to unscrew an earring.

41. Defendant Smith grabbed Plaintiff and began to pull his left earring in an attempt to rip it out of his ear.

42. At the same time, Defendant Dolan grabbed Plaintiff from behind and began choking him.

43. Plaintiff screamed for help which caused Defendant Officers to let go of him.

44. Subsequently, noticing his vision was blurry, Plaintiff requested medical attention was transported to the hospital.

45. Defendant Officers' actions caused Plaintiff physical pain and severe emotional distress, as well as lasting damage to his vision.

46. Defendant Officers' actions exacerbated Plaintiff's pre-existing PTSD, and caused a heightened and persistent fear of police.

## COUNT I: EXCESSIVE FORCE
### Against Defendant Officers
### (42 U.S.C. § 1983 and the Fourth Amendment)

47. Plaintiff re-alleges paragraphs 1-46 as though fully set forth herein.

48. On November 25, 2019, Defendants used excessive force in violation of the Fourth Amendment against Plaintiff on two occasions.

49. First, following the traffic stop, Defendant Dolan punched Plaintiff in the face three times while he was subdued and on the ground, bursting a blood vessel in his eye.

50. It is objectively unreasonable to punch a subdued detainee in the face three times.

51. Second, Defendant Dolan and Defendant Smith jointly choked Plaintiff and attempted to rip his earrings out at the police station following his arrest while he was complying with officers.

52. It is objectively unreasonable to choke a compliant detainee at a police station.

53. It is objectively unreasonable to attempt to rip earrings out of a compliant detainee's ears at a police station.

54. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiff's rights and safety.

55. The actions of Defendants directly and proximately caused Plaintiff pain, suffering, lasting physical injury, lasting diminution to vision, and severe and lasting emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant Officers, for compensatory damages, punitive damages, attorney's fees and costs, and any other relief that the Court deems just and equitable.

## COUNT II: FAILURE TO INTERVENE
### Against Defendant Officer Smith
### (42 U.S.C. § 1983)

56. Plaintiff re-alleges paragraphs 1-46 as though fully set forth herein.

57. Defendant Smith was present and failed to intervene to stop Defendant Dolan from violating the Fourth Amendment by punching Plaintiff in the face three times while he was subdued on the ground.

58. Defendant Smith had a reasonable opportunity to intervene and prevent Defendant Dolan's unreasonable and unconstitutional use of force against Plaintiff.

59. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiff's rights and safety.

60. The actions of Defendant Smith directly and proximately caused Plaintiff pain, suffering, lasting physical injury, lasting diminution to vision, and severe and lasting emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant Officers, for compensatory damages, punitive damages, attorney's fees and costs, and any other relief that the Court deems just and equitable.

### COUNT III: FIRST AMENDMENT RETALIATION
### Against Defendant Officers – Excessive Force
### (42 U.S.C. § 1983 and the First Amendment)

61. Plaintiff re-alleges paragraphs 1-46 as though fully set forth herein.

62. On November 25, 2019, Defendant Officers violated Plaintiffs rights under the Fourth Amendment and the First Amendment.

63. In the course of doing so, Defendants used unnecessary force against Plaintiff in an objectively unreasonable manner.

64. Plaintiff's First Amendment protected speech critical of Maywood Police Officers—his 2018 lawsuit—was a substantial and motivating factor for the Defendant officers' unlawful use of force. Officers referenced this protected speech within minutes of their first use of force against Plaintiff.

65. The excessive force was intended to and would likely deter Plaintiff from exercising constitutionally protected speech in the future with regard to police.

66. Defendants' use of retaliatory excessive force was reasonably likely to chill potential witnesses to their misconduct from reporting what they saw, in exercise their own First Amendment rights.

67. Defendant's use of retaliatory excessive force was reasonably likely to chill witnesses to their misconduct from filing a lawsuit for redress of their injuries in the event they subsequently became victims of excessive force by police.

68. At all relevant times, Defendant Officers were aware that Plaintiff's 2018 lawsuit was constitutionally protected speech.

69. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiff's rights and safety.

70. The actions of the Defendant Officers directly and proximately caused Plaintiff to suffer, without limitation, pain, suffering, lasting physical injury, lasting diminution to vision, and severe and lasting emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant Officers, for compensatory damages, punitive damages, attorney's fees and costs, and any other relief that the Court deems just and equitable.

### COUNT IV: INDEMNIFICATION
**Against the Village of Maywood**
**(State Law Claim - 745 ILCS 10/9-102)**

71. Plaintiff re-alleges paragraphs 1-46 as though fully set forth herein.

72. Defendant Officers committed the acts alleged above while acting under color of state law, while on duty, and within the scope of their employment at the Village of Maywood.

73. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

74. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

WHEREFORE, should Defendant Officers be found liable for any of the misconduct alleged in this complaint, Plaintiff respectfully requests pursuant to 745 ILCS 10/9-102 that this Court enter an Order requiring the Village of Maywood to pay Plaintiff any judgment obtained against Defendant Officers as a result of this action.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Daniel E. Massoglia

*One of Plaintiff's Attorneys*

Daniel Massoglia
Joseph DiCola
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org
E: joseph@first-defense.org

10

**CERTIFICATE OF SERVICE**

    I, Joseph DiCola, an attorney, hereby certify that I caused this document to be served on all counsel of record on December 8, 2023, by filing it with the Clerk's CM/ECF system, which generates electronic notice to parties.

    Respectfully submitted,

    /s/ Joseph DiCola

    *One of Plaintiff's Attorneys*