IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JHAVE'LL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-1409 |
| | ) | |
| VILLAGE OF MAYWOOD, et al., | ) | Judge Edmond E. Chang |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Village of Maywood, Officer Smith, and Officer Dolan ("Defendants"), by and through their attorneys, Klein, Thorpe and Jenkins, Ltd., and for their answer and affirmative defenses to Plaintiff's First Amended Complaint, state as follows:

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States during and after a November 25, 2019 arrest.

**ANSWER:** **Defendants admit that this action was brought pursuant to 42 U.S.C. § 1983 and that Plaintiff was arrested on November 25, 2019, but deny that they deprived him of his constitutional rights at any time.**

2. On that day, Defendants Smith and Dolan violated Plaintiff's constitutional rights.

**ANSWER:** **Deny.**

3. Plaintiff, in the time period since his lawsuit was filed and the present, elected to plead guilty to some of the crimes he was arrested for that day. Namely, plaintiff pled guilty and was sentenced to time in the Illinois Department of Corrections for the offenses of Unlawful Use of a Weapon by a Felon, 720 ILCS 5/24-1.1(a), and Resisting a Peace Officer Causing Injury, 720 ILCS 5/31-1(a-7).

**ANSWER:** **Admit.**

4. Plaintiff's plea, however, does not change the fundamental fact that Defendant Officers used excessive force against Plaintiff, both on the street after the arrest and in the police station.

1

**ANSWER:** **Deny.**

5. Defendant officers used excessive force in retaliation for a lawsuit Plaintiff previously filed against Defendant Village of Maywood, which was a protected exercise of his fundamental rights under the First Amendment.

**ANSWER:** **Deny.**

6. Plaintiff brings suit now to seek justice and recompense for his injuries.

**ANSWER:** **Defendants admit that Plaintiff brings the instant lawsuit in which he seeks compensation for alleged injuries, but deny that Defendants are liable for any such injuries, and further deny that Plaintiff is entitled to any "justice and recompense for his injuries."**

JURISDICTION AND VENUE

7. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States. Further, this Court has supplemental jurisdiction under 28 U.S.C. §1367(a) over claims arising under Illinois state law.

**ANSWER:** **Admit.**

8. Venue is appropriate under §28 U.S.C. §1391(b), as all defendants reside in this judicial district. In addition, a substantial part of the events giving rise to this claim occurred in this judicial district.

**ANSWER:** **Admit.**

PARTIES

9. Plaintiff Jhave'll Giovon Moore is a United States Citizen who at all times mentioned herein resided in the Northern District of Illinois.

**ANSWER:** **On information and belief, admit.**

10. Defendant Village of Maywood is, and at all times mentioned herein was, a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Maywood Police Department, which acts as the Village's agent in the areas of municipal law enforcement and for which the Village is ultimately responsible. Defendant Village was at all times material to this Complaint the employer and principal of the Officer Defendants.

**ANSWER:** **Admit.**

2

11. Defendant Officer Smith was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the Village of Maywood, which was and is his principal and employer.

**ANSWER:** **Admit.**

12. Defendant Officer Dolan was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the Village of Maywood, which was and is his principal and employer.

**ANSWER:** **Defendants admit that Officer Dolan was, at all times relevant to this Complaint, a duly appointed and sworn law enforcement officer of the Village of Maywood, which was his employer, but deny that the Village of Maywood is currently his employer.**

13. At all times relevant herein, Defendant Officers were acting in the scope of their employment and under color of state law.

**ANSWER:** **Admit.**

14. Defendant Officers are sued in their individual capacities.

**ANSWER:** **Admit.**

## FACTS

### The Arrest, Plea, and First Excessive Use of Force

15. On November 25, 2019, Maywood Police Officers Smith and Dolan arrested Plaintiff.

**ANSWER:** **Admit.**

16. They charged Plaintiff with driving a vehicle without a license, resisting a peace officer causing injury, being a felon in possession of a weapon, and as an "armed habitual criminal."

**ANSWER:** **Defendants admit that they initiated criminal complaints and citations against Plaintiff for various felony and misdemeanor offenses and ordinance violations, but deny that this paragraph fully and accurately describes the charges that were brought by Defendants. Answering further, this paragraph appears to refer to the charges for which Plaintiff was indicted by the grand jury, and not the exact charges brought by Defendants. Any remaining allegations in this paragraph are denied.**

17. Plaintiff pled guilty to two of these offenses—felon in possession and resisting—and the other two were disposed of by a motion by the state to *nolle prossequi* the charges.

**ANSWER:** **Defendants admit that Plaintiff pled guilty to aggravated unlawful use of a weapon by a felon and felony resisting, and that the State dismissed the counts for armed habitual criminal and driving on a revoked/suspended license as part of that plea agreement. Any remaining allegations in this paragraph are denied.**

18. As part of Plaintiff's plea agreement, he, through counsel, stipulated that the evidence the state would show had the matter proceeded to trial would be, in part: 1) that after exiting a vehicle during a traffic stop, Plaintiff resisted arrest during the course of his detention by Defendants, causing a contusion to Defendant Smith's wrist; 2) that after the arrest, the vehicle he had occupied was later towed to the Maywood Police Department, where officers found a firearm in the passenger glove department and; 3) that Plaintiff did not possess a Firearm Owners Identification Card.

**ANSWER:** **Defendants admit that Plaintiff stipulated to certain facts that were stated on the record as part of his plea agreement but deny that those facts are fully and accurately recited in the above paragraph. Defendants further deny the allegations in this paragraph to the extent that they deviate from the factual basis that the State read into the record as part of Plaintiff's plea agreement.**

19. Despite the plea, Defendants' conduct during the detention, both on the street and at the police station, was unlawful.

**ANSWER:** **Deny.**

20. To wit: after Plaintiff had stopped resisting arrest on November 25, 2019, and was subdued and compliant on the ground, Defendant Dolan punched him in the face three times.

**ANSWER:** **Defendants deny that Officer Dolan punched Plaintiff in the face at any time, and deny that Plaintiff was not actively resisting arrest on November 25, 2019. Defendants further deny that Plaintiff was subdued and compliant on the ground, and deny any further allegations in this paragraph.**

21. Plaintiff was detained at the time of Defendant Dolan's punches.

**ANSWER:** **Defendants deny that Officer Dolan punched Plaintiff at any time, and deny any further allegations in this paragraph.**

22. Plaintiff was not actively resisting arrest at the time of Defendant Dolan's punches.

**ANSWER:** **Defendants deny that Officer Dolan punched Plaintiff at any time, and further deny that Plaintiff was not actively resisting arrest.**

23. Plaintiff was not suspected of a serious crime at the time of Defendant Dolan's punches.

4

**ANSWER:** **Defendants deny that Officer Dolan punched Plaintiff at any time, and further deny that Plaintiff was not suspected of a serious crime.**

24. Plaintiff was not attempting to flee at the time of Defendant Dolan's punches.

**ANSWER:** **Defendants deny that Officer Dolan punched Plaintiff at any time, and further deny that Plaintiff was not attempting to flee.**

25. Plaintiff was not a threat to the safety of the officers or others at the time of Defendant Dolan's punches given that he was detained and on the ground, no longer actively resisting arrest, nor attempting to flee.

**ANSWER:** **Defendants deny that Officer Dolan punched Plaintiff at any time, and further deny that Plaintiff was not a threat to the safety of the officers or other, that he was not actively resisting arrest, and that he was not attempting to flee. Any remaining allegations in this paragraph are denied.**

26. Defendant Dolan's punches were objectively unreasonable given that Plaintiff was subdued on the ground and had no weapons on his person.

**ANSWER:** **Defendants deny that Officer Dolan punched Plaintiff at any time, and deny the remaining allegations in this paragraph.**

27. Defendant Dolan's punches ruptured a blood vessel in Plaintiff's eye, which required medical treatment.

**ANSWER:** **Deny.**

28. Plaintiff's injured left eye remains blurry and "jumpy" on occasion to this day.

**ANSWER:** **Defendants deny that they injured Plaintiff's left eye at any time, but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.**

29. While Defendant Dolan punched Plaintiff three times, Defendant Smith did nothing to stop the use of force.

**ANSWER:** **Defendants deny that Officer Dolan punched Plaintiff three times, deny the use of force, and deny any remaining allegations in this paragraph.**

On the Way to the Police Station, Officers Explain that they were Retaliating

30. In 2018, Plaintiff filed a separate lawsuit alleging constitutional violations against several Village of Maywood police officers in Cook County Circuit Court.

5

**ANSWER:** Defendants admit that Plaintiff filed a lawsuit alleging constitutional violations against the Village and several Maywood police officers in the Circuit Court of Cook County in 2018, but Officers Smith and Dolan deny having prior knowledge of the 2018 lawsuit.

31. The case was removed to federal court, where a monetary settlement was reached in 2019.

**ANSWER:** Defendants admit that Plaintiff's 2018 lawsuit was removed to federal court and a monetary settlement was reached, but Officers Smith and Dolan deny having prior knowledge of the lawsuit, its removal to federal court, or the settlement.

32. Defendant Officers were aware of this prior lawsuit. While in the police car following his November 2019 arrest, Plaintiff complained to the officers about their violent treatment of him.

**ANSWER:** Deny.

33. Defendant Dolan dismissed the complaints, stating in response "all you're gonna do is sue us again," a reference to the 2018 lawsuit, referring to Plaintiff with a racial slur in the process.

**ANSWER:** Deny.

34. Defendant Dolan's comments illustrate that he unnecessarily and unreasonably punched Plaintiff in the face three times while he was subdued on the ground in retaliation for Plaintiffs earlier lawsuit against his fellow officers.

**ANSWER:** Deny.

35. Defendant Dolan's punches, and Defendant Smith's failure to intervene, were caused by prior constitutionally protected speech in the form of filing a lawsuit against their colleagues for misconduct.

**ANSWER:** Deny.

36. Because of Defendants actions, Plaintiff would be less likely to exercise his constitutional free expressive rights in the future.

**ANSWER:** Deny.

37. Defendants' actions could also deter other people subjected to police misconduct from exercising their own constitutional rights by filing lawsuits.

**ANSWER:** Deny.

<u>The Violence Continues at the Police Station</u>

38. Once at the police station, the officers continued their violent and retaliatory course of conduct.

**ANSWER:** **Deny.**

39. At the station, Defendant Officer Smith ordered Plaintiff to remove his earrings.

**ANSWER:** **On information and belief, admit.**

40. Plaintiff complied and began to unscrew an earring.

**ANSWER:** **Deny.**

41. Defendant Smith grabbed Plaintiff and began to pull his left earring in an attempt to rip it out of his ear.

**ANSWER:** **Deny.**

42. At the same time, Defendant Dolan grabbed Plaintiff from behind and began choking him.

**ANSWER:** **Deny.**

43. Plaintiff screamed for help which caused Defendant Officers to let go of him.

**ANSWER:** **Deny.**

44. Subsequently, noticing his vision was blurry, Plaintiff requested medical attention was transported to the hospital.

**ANSWER:** **Defendants admit that Plaintiff was transported to the hospital the following day, but deny the remaining allegations in this paragraph.**

45. Defendant Officers' actions caused Plaintiff physical pain and severe emotional distress, as well as lasting damage to his vision.

**ANSWER:** **Deny.**

46. Defendant Officers' actions exacerbated Plaintiff's pre-existing PTSD, and caused a heightened and persistent fear of police.

**ANSWER:** **Deny.**

**COUNT I: EXCESSIVE FORCE**
**Against Defendant Officers**

**(42 U.S.C. § 1983 and the Fourth Amendment)**

47. Plaintiff re-alleges paragraphs 1-46 as though fully set forth herein.

**ANSWER:  Defendants re-allege their responses to paragraphs 1-46 above as if fully restated and set forth herein.**

48. On November 25, 2019, Defendants used excessive force in violation of the Fourth Amendment against Plaintiff on two occasions.

**ANSWER:  Deny.**

49. First, following the traffic stop, Defendant Dolan punched Plaintiff in the face three times while he was subdued and on the ground, bursting a blood vessel in his eye.

**ANSWER:  Deny.**

50. It is objectively unreasonable to punch a subdued detainee in the face three times.

**ANSWER:  Defendants deny that Plaintiff was a subdued detainee and further deny that they punched him in the face three times, but admit the remaining allegations in this paragraph.**

51. Second, Defendant Dolan and Defendant Smith jointly choked Plaintiff and attempted to rip his earrings out at the police station following his arrest while he was complying with officers.

**ANSWER:  Deny.**

52. It is objectively unreasonable to choke a compliant detainee at a police station.

**ANSWER:  Defendants deny that Plaintiff was a compliant detainee at the police station and further deny that they choked Plaintiff at any time, but admit the remaining allegations in this paragraph.**

53. It is objectively unreasonable to attempt to rip earrings out of a compliant detainee's ears at a police station.

**ANSWER:  Defendants deny that Plaintiff was a compliant detainee at the police station and further deny that they attempted to rip earrings out of his ears, but admit the remaining allegations in this paragraph.**

54. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiff's rights and safety.

**ANSWER:** **Deny.**

55. The actions of Defendants directly and proximately caused Plaintiff pain, suffering, lasting physical injury, lasting diminution to vision, and severe and lasting emotional distress.

**ANSWER:** **Deny.**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant Officers, for compensatory damages, punitive damages, attorney's fees and costs, and any other relief that the Court deems just and equitable.

**ANSWER:** **Defendants deny that Plaintiff is entitled to the relief requested in the above paragraph and further deny that Plaintiff is entitled to any relief whatsoever.**

<u>COUNT II: FAILURE TO INTERVENE</u>
Against Defendant Officer Smith
(42 U.S.C. § 1983)

56. Plaintiff re-alleges paragraphs 1-46 as though fully set forth herein.

**ANSWER:** **Defendants re-allege their responses to paragraphs 1-46 above as if fully restated and set forth herein.**

57. Defendant Smith was present and failed to intervene to stop Defendant Dolan from violating the Fourth Amendment by punching Plaintiff in the face three times while he was subdued on the ground.

**ANSWER:** **Defendants deny that Officer Dolan punched Plaintiff in the face three times while he was subdued on the ground, deny that they violated Plaintiff's constitutional rights at any time, and deny any remaining allegations in this paragraph.**

58. Defendant Smith had a reasonable opportunity to intervene and prevent Defendant Dolan's unreasonable and unconstitutional use of force against Plaintiff.

**ANSWER:** **Defendants deny that they violated Plaintiff's constitutional rights at any time and deny any remaining allegations in this paragraph.**

59. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiff's rights and safety.

**ANSWER:** **Deny.**

60. The actions of Defendant Smith directly and proximately caused Plaintiff pain, suffering, lasting physical injury, lasting diminution to vision, and severe and lasting emotional distress.

**ANSWER:** **Deny.**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant Officers, for compensatory damages, punitive damages, attorney's fees and costs, and any other relief that the Court deems just and equitable.

**ANSWER:** **Defendants deny that Plaintiff is entitled to the relief requested in the above paragraph and further deny that Plaintiff is entitled to any relief whatsoever.**

### COUNT III: FIRST AMENDMENT RETALIATION
### Against Defendant Officers – Excessive Force
### (42 U.S.C. § 1983 and the First Amendment)

61. Plaintiff re-alleges paragraphs 1-46 as though fully set forth herein.

**ANSWER:** **Defendants re-allege their responses to paragraphs 1-46 above as if fully restated and set forth herein.**

62. On November 25, 2019, Defendant Officers violated Plaintiffs rights under the Fourth Amendment and the First Amendment.

**ANSWER:** **Deny.**

63. In the course of doing so, Defendants used unnecessary force against Plaintiff in an objectively unreasonable manner.

**ANSWER:** **Deny.**

64. Plaintiff's First Amendment protected speech critical of Maywood Police Officers—his 2018 lawsuit—was a substantial and motivating factor for the Defendant officers' unlawful use of force. Officers referenced this protected speech within minutes of their first use of force against Plaintiff.

**ANSWER:** **Deny.**

65. The excessive force was intended to and would likely deter Plaintiff from exercising constitutionally protected speech in the future with regard to police.

**ANSWER:** **Deny.**

66. Defendants' use of retaliatory excessive force was reasonably likely to chill potential witnesses to their misconduct from reporting what they saw, in exercise their own First Amendment rights.

**ANSWER:** **Deny.**

10

67. Defendant's use of retaliatory excessive force was reasonably likely to chill witnesses to their misconduct from filing a lawsuit for redress of their injuries in the event they subsequently became victims of excessive force by police.

**ANSWER:** **Deny.**

68. At all relevant times, Defendant Officers were aware that Plaintiff's 2018 lawsuit was constitutionally protected speech.

**ANSWER:** **Deny.**

69. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiff's rights and safety.

**ANSWER:** **Deny.**

70. The actions of the Defendant Officers directly and proximately caused Plaintiff to suffer, without limitation, pain, suffering, lasting physical injury, lasting diminution to vision, and severe and lasting emotional distress.

**ANSWER:** **Deny.**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant Officers, for compensatory damages, punitive damages, attorney's fees and costs, and any other relief that the Court deems just and equitable.

**ANSWER:** **Defendants deny that Plaintiff is entitled to the relief requested in the above paragraph and further deny that Plaintiff is entitled to any relief whatsoever.**

COUNT IV: INDEMNIFICATION
Against the Village of Maywood
(State Law Claim - 745 ILCS 10/9-102)

71. Plaintiff re-alleges paragraphs 1-46 as though fully set forth herein.

**ANSWER:** **Defendants re-allege their responses to paragraphs 1-46 above as if fully restated and set forth herein.**

72. Defendant Officers committed the acts alleged above while acting under color of state law, while on duty, and within the scope of their employment at the Village of Maywood.

**ANSWER:** **Deny.**

73. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

**ANSWER: Defendants admit the statutory requirements of 745 ILCS 10/9-102, but deny that any of the Defendants are liable for any damages under this lawsuit.**

74. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

**ANSWER: Deny.**

WHEREFORE, should Defendant Officers be found liable for any of the misconduct alleged in this complaint, Plaintiff respectfully requests pursuant to 745 ILCS 10/9-102 that this Court enter an Order requiring the Village of Maywood to pay Plaintiff any judgment obtained against Defendant Officers as a result of this action.

**ANSWER: Defendants deny that Plaintiff is entitled to the relief requested in the above paragraph and further deny that Plaintiff is entitled to any relief whatsoever.**

## JURY DEMAND

Defendants demand a trial by jury on all triable issues herein.

## AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1
### Qualified immunity

Defendants Dolan and Smith are entitled to qualified immunity with respect to the claims alleged in Counts I-III. "Qualified immunity shields officers from civil damages liability so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Leaf v. Shelnutt*, 400 F.3d 1070, 1079-80 (7th Cir. 2005). At all relevant times, Defendants Dolan and Smith acted in the good faith performance of their official duties without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Specifically, at all times material to the alleged events, reasonable police officers, objectively viewing the facts and circumstances then confronting Defendant Officers during the incident that allegedly provides the basis for the present case would have

reasonably believed that the actions taken by them were objectively reasonable and within the constitutional limits that were clearly established at the time. Therefore, Defendants Dolan and Smith are protected from liability on Counts I-III by the doctrine of qualified immunity.

<b><u>Affirmative Defense No. 2</u></b><br><b>Illinois Tort Immunity Act, § 2-109</b>

Defendant Village of Maywood is entitled to immunity as to Plaintiff's state law indemnification claim (Count IV) under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-109. Section 2-109 of the Act provides that "[a] local public entity is not liable for an injury resulting from an act or omission of its employees where the employee is not liable." 745 ILCS 10/2-109. Accordingly, the Village of Maywood cannot be held liable on Count IV to the extent that the Defendant Officers are not found liable on any of the individual claims against them.

<b><u>Affirmative Defense No. 3</u></b><br><b>Attorneys' Fees</b>

As to Plaintiff's state law indemnification claim (Count IV), the Village cannot be liable for any attorney's fees, as "[t]he law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted); *see also Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989).

<b><u>Affirmative Defense No. 4</u></b><br><b>Punitive Damages</b>

To the extent that Plaintiff is seeking punitive damages against the Village, any such claim for relief fails because the Village of Maywood cannot be held liable for punitive or exemplary damages in any Section 1983 action brought against it directly or indirectly by the injured party or a third party. *City of Newport v. Fact Concerts, Inc.*, 435 U.S. 247 (1981).

**Affirmative Defense No. 5**
**Statute of Limitations**

All of the claims alleged in Plaintiff's Amended Complaint are time-barred. Section 1983 claims are subject to a two-year statute of limitations in Illinois. *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 765 (7th Cir. 2013). According to the Amended Complaint, the events giving rise to this lawsuit took place on November 25, 2019; however, Plaintiff's initial Complaint was received by the Clerk of Court and filed on March 17, 2022. Dkt. 1. Defendants initially raised this defense in their response in opposition to Plaintiff's motion for miscellaneous relief seeking to correct the filing date of his Complaint. Dkt. 21. The arguments and supporting case law set forth in Defendants' response (Dkt. 21) are hereby adopted and incorporated herein. Although the Court granted Plaintiff's motion and deemed November 19, 2021 as the proper date of the filing of Plaintiff's Complaint (Dkt. 37, at 6), Defendants maintain that Plaintiff's Complaint was not timely filed, that Plaintiff is not entitled to the benefit of the prison mailbox rule, and that his claims should be barred by the applicable statute of limitations.

**Affirmative Defense No. 6**
*Heck v. Humphrey*

Under *Heck v. Humphrey*, a section 1983 claim may not proceed if a favorable ruling "would necessarily imply the invalidity of a conviction or sentence." 512 U.S. 477, 486–87 (1994). Plaintiff pled guilty and was convicted for the felony offenses aggravated unlawful use of a weapon by a felon and resisting. As of the filing of his Amended Complaint, these convictions remain valid and have not been overturned. In addition, as part of his plea, the following factual basis was stipulated to by the parties and entered into the record:

> As to 19 CR 1715701, if that matter proceeded to trial, the People would present evidence that on or about November 25th, 2019 at approximately 3:42 p.m. near the location of 1504 South 5th Avenue in Maywood that officers observed a Chevy Impala going past a stop sign at 7th Avenue and Quincy. Officers ran the license

14

> plate. License plate was expired. Officers curbed the vehicle at which point they observed the defendant reach over to the passenger side of the vehicle to the point where the defendant's head was in the front passenger side headrest area. Defendant was the sole occupant of the vehicle. Officers approached. The defendant exited the vehicle, informed the officers that he has a driver's license. *When attempting to place the defendant into custody, the defendant attempted to flee. He was detained. The defendant continued to resist arrest, resulting in an injury to Officer Smith where he received a contusion on his wrist.* Officers towed the vehicle to the Maywood Police Department and an inventory search of the vehicle was conducted where officers recovered a 9-millimeter loaded handgun from the passenger glove compartment. The defendant did not possess a valid Firearm Owner's Identification card or Concealed Carry License.

Transcript dated January 21, 2022, Cook County Case No. 19CR1715701 (emphasis added).

Under *Heck*, Plaintiff cannot make allegations that are inconsistent with the validity of his convictions or the factual basis of his plea. The factual basis of Plaintiff's plea provides that he continued to resist arrest after he was detained. Yet, Plaintiff's Complaint alleges that he did not continue to resist after he was handcuffed. Plaintiff also makes several sweeping allegations that Defendants' alleged use of force was unlawful and that he was no longer resisting and was not a threat to anyone when force was allegedly used, despite his admission in the criminal case that he caused injury to Officer Smith after he was detained. Such allegations run afoul to *Heck*, and Defendants cannot be found liable on Plaintiff's claims that undermine the validity of his convictions. Therefore, to the extent that any of Plaintiff's statements, claims, and/or allegations contained in his Amended Complaint imply the invalidity of his felony convictions, they should be barred by *Heck*.

WHEREFORE, Defendants respectfully request that this Honorable Court enter judgment in their favor and grant any further relief the Court deems necessary and just.

Respectfully submitted,

/s/ *Colleen M. Shannon*
One of Defendants' Attorneys

15

Colleen M. Shannon (cmshannon@ktjlaw.com)
KLEIN, THORPE & JENKINS, LTD.
900 Oakmont Lane, Suite 301
Westmont, Illinois 60559
(312) 984-6400