IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jhave'll Moore<br><br>        Plaintiff,<br>  v.<br><br>The Village of Maywood,<br>Officer Smith, and Officer Dolan,<br><br>        Defendants. | No. 22-cv-01409<br><br>Judge: Hon. Edmond E. Chang<br><br>Mag. Judge: Hon. Heather K. McShain<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

NOW COMES the Plaintiff, JHAVE'LL MOORE, by and through his undersigned counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully moves this Court to Order that Plaintiff is not to be handcuffed during his deposition scheduled for September 11, 2024, and for other related relief, and in support thereof states as follows:

**STATEMENT OF FACTS**

1. Plaintiff's remote deposition is scheduled for September 11, 2024.

2. Plaintiff is currently under pretrial detention in Division IX of Cook County Jail.

3. Defendants' counsel will be conducting the deposition remotely via Zoom videoconference, with Plaintiff's counsel physically present with Plaintiff in the jail.

4. Defendants' counsel will not be videorecording Plaintiff's deposition.

5. Through the course of this litigation, Plaintiff has routinely been handcuffed for the duration of in-person visits with counsel.

1

6. Plaintiff is typically unhandcuffed for the majority of his time in Cook County Jail, except for escorted movement and visitation.

7. Plaintiff has not received any disciplinary infractions for violence in Cook County Jail.

8. During a legal visit in March, Plaintiff was handcuffed for approximately two hours, causing him pain and embarrassment. He struggled to sign documents, turn pages, and keep papers organized on the table in front of him.

9. On August 9, Plaintiff's counsel called Mr. Steven Wilensky, the First Assistant Executive Director of Administration and Programs for the Cook County Department of Corrections ("CCDOC") to clarify the policy related to bringing legal papers into the jail, and, further, to inquire whether Plaintiff would be restrained in handcuffs during his deposition.

10. At 8:30am on August 12, Mr. Wilensky returned counsel's phone call.

11. Mr. Wilensky stated that CCDOC would require an Order from this Court to allow Plaintiff to sit for his deposition without handcuffs or other restraints.

12. When counsel opined that up to seven hours is a long time to wear handcuffs, Mr. Wilensky answered, "I don't disagree," and reiterated the need for a Court Order to permit an exception of the CCDOC policy in these circumstances.

13. Plaintiff now respectfully moves the Court to enter a Protective Order allowing Plaintiff to be free from physical restraints for the duration of his deposition, so that he may fully participate in his deposition without unnecessary and painful restrictions on his movement.

14. Upon notice of Plaintiff's intent to bring the instant Motion, Defendant's counsel responded that they have no position.

## LEGAL STANDARD

15. Under Rule 26(c), "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,"

2

including "specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery," and "prescribing a discovery method other than the one selected by the party seeking discovery." Fed R. Civ. P. 26(c).

16. "Good cause is the only statutory requirement for determining whether or not to issue a protective order… [while] [g]ood cause is difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997) (cleaned up) (internal quotations omitted).

## ARGUMENT

### I. Good Cause Exists to Prevent the Undue Burden and Oppression of Restraining Plaintiff During His Deposition Where Full Participation Requires Free Movement and Where the Safety of Opposing Parties is Not at Issue

17. Upon diligent review, Plaintiff has not found direct authority in this jurisdiction relating to a request by a represented, incarcerated litigant to be deposed in a correctional facility without physical restraints. District courts around the country have addressed the issue of restraints worn during depositions, offering some persuasive guidance for the Court. As shown below, courts consider full participation to include normal movement, note-taking, and handling papers, and have generally only ordered incarcerated deponents to be restrained due to safety concerns not present in Plaintiff's case.

18. In a Wisconsin case, *Radunz v. Von Haden*, the district court denied the defendant's motion for a protective order which would have required a pro se, incarcerated plaintiff to be restrained for his deposition. No. 07-C-270, 2009 WL 10719098 (W.D. Wis. Jan. 13, 2009) (discussing plaintiff's lack of disciplinary infractions and his argument that "the proposed shackles would unduly impede his participation in the deposition").

19. Where courts have required incarcerated deponents to be restrained, the overriding interest has been the safety of the deposing counsel and other parties. In *Harvard v. Inch,* No. 4:19CV212-MW/CAS, 2020 WL 5650080 (N.D. Fla. Jan. 7, 2020), an action by incarcerated plaintiffs against the Florida Department of Corrections, the defendants sought a protective order related to the plaintiffs' depositions in prison. Unlike the instant case, defendant's counsel in *Harvard* intended to take the deposition in-person. The court granted the request for a correctional officer to be present in the room, but declined to order plaintiffs to be restrained using "black box" restraints, ruling, "This Court finds that the use of black box is too restrictive**. It will prohibit Plaintiffs from engaging in normal movement, writing, taking notes, and communicating confidentially with counsel during deposition and, therefore, prohibit Plaintiffs from fully participating in their deposition**." *Id* at *1 (emphasis added).

20. The Court's reasoning in *Harvard*, highlighted above, aptly describes the issues Plaintiff seeks to avoid in this Motion. For Plaintiff to "fully [participate]" in his deposition he requires the free use of his hands to take notes, turn the pages of exhibits, mute his microphone on Zoom, take a drink of water, and a variety of routine movements rendered painful or impossible while handcuffed.

21. In other cases, similarly distinguished from the present one by the physical presence of the deposing attorneys in the correctional facility, courts nevertheless acknowledge the importance of a deponent's ability to take notes and access papers. *See Howell v. Johnson*, No. 2:20-CV-0520 KJN P, 2021 WL 4523719, at *3 (E.D. Cal. Oct. 4, 2021) (deferring to prison officials regarding security measures with the express exception that "…plaintiff's non-dominant hand can be handcuffed while his dominant hand remains free to take

notes"); *and Dao v. Tabor*, No. 222CV0846TLNKJNP, 2023 WL 8622614, at *3 (E.D. Cal. Dec. 13, 2023) (citing correctional officer's declaration which "state[d] that in no way was plaintiff secured in a manner that prevented him from moving his arms, retrieving paperwork or taking handwritten notes").

22. The Seventh Circuit generally observes a policy of deference to the administrators of correctional facilities. *Radunz v. Von Haden*, 2009 WL 10719098, at *1, (citing *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997). Here, CCDOC's representative Mr. Wilensky simply instructed Plaintiff to seek a Court Order if he wished to remain unhandcuffed and expressed no other opposition, and thus entry of an Order sought by Plaintiff would not undermine the preferences of the correctional facility.

23. Plaintiff and the undersigned counsel have a good relationship and strong rapport. Counsel have no concerns for their personal safety if Plaintiff is unrestrained during his deposition.

24. Plaintiff does not object to the presence of correctional officers outside the closed door of the deposition room.

25. Plaintiff's deposition is a critical juncture in his case. A Protective Order allowing Plaintiff to move freely, painlessly, and with his dignity unrestrained would advance the interests of justice and due process by enabling him to focus on the questions posed and his memory of events occurring nearly five years ago. Foreseeably, Plaintiff may shift in his chair or reach for a document and experience a sudden pain in his handcuffed wrists or cause a chain to snag audibly. These sorts of embarrassing interruptions would disrupt Plaintiff's thought processes and frustrate the parties and the Court's interest in establishing a clear record for the resolution of the case.

26. The good cause standard under Rule 26(c) differs from that of Rule 16(b)(4). "To establish good cause under Rule 26(c), the courts have generally required "specific examples of articulated reasoning," *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)), as opposed to "stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978) (interpreting good cause in context prior iteration of Rule 26(c) in a trade secrets dispute).

27. Plaintiff has satisfied the standard of Rule 26(c) and articulated a sound basis and specific reasons establishing that handcuffs or other restraints inhibiting normal movement will cause pain, annoyance, embarrassment, oppression, or undue burden during the potentially seven-hour period of his deposition. Respectfully, the Motion should be granted.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully respects this Honorable Court enter an Order specifying that:

1) Plaintiff Jhave'll Moore shall be free from physical restraints during duration of his deposition on September 11, 2024, including time spent both on and off the record, for as long as he is in the visitation room with his attorney, Daniel Massoglia.

2) Barring legitimate safety emergencies, the door to the visitation room shall remain closed and CCDOC staff and correctional officers shall not enter or remain inside the visitation room with Plaintiff and counsel during Plaintiff's deposition.

Respectfully submitted,
/s/ Joseph DiCola
/s/ Daniel Massoglia
Attorneys for Plaintiff

6

Joseph DiCola
Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-967-3334
E: joseph@first-defense.org
E: daniel@first-defense.org

**CERTIFICATE OF SERVICE**

I, Joseph DiCola, an attorney, hereby certify that a copy of this document was filed on August 22, 2024, using the Court's CM/ECF filing system, which generates electronic notice to all parties of record in the case.

Respectfully submitted,

*/s/* Joseph DiCola